STATE OF MINNESOTA                          IN DISTRICT COURT

COUNTY OF BLUE EARTH                     FIFTH JUDICIAL DISTRICT
                                       [Other Civil -Declaratory Judgment]

                                            Court File No. _____

Troy and Kimberly Leiferman,
Thomas and Virginia Leiferman,
Brian and Cindy Leiferman, and
Frank and Marnie Leiferman                     Judge: _____

                        Plaintiffs,

        v.

Estate of Judith Stoll, Joseph A. Girardi as
Executor of the Estate of Judith Stoll,

                        Defendants.

---

## SUMMONS

---

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE SUMMONED and required to serve upon Plaintiffs' attorney an Answer to the Complaint that has been served upon you within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to answer, judgment by default will be taken against you for the relief demanded in the Complaint.

This case may be subject to Alternative Dispute Resolution (ADR) processes under Rule 114 of the General Rules of Practice for the District Courts. The Court Administrator or your attorney can provide you with information about ADR options and a list of neutrals available in your area. ADR does not affect your obligations to respond to the Summons and Complaint within 20 days.



EXHIBIT
2

STATE OF MINNESOTA      IN DISTRICT COURT

COUNTY OF BLUE EARTH     FIFTH JUDICIAL DISTRICT
             [Other Civil -Declaratory Judgment]

              Court File No. _____

Troy and Kimberly Leiferman,
Thomas and Virginia Leiferman,
Brian and Cindy Leiferman, and
Frank and Marnie Leiferman       Judge: _____

       Plaintiffs,

  v.

Estate of Judith Stoll, Joseph A. Girardi as
Executor,

       Defendants.

---

## COMPLAINT FOR DECLARATORY RELIEF

---

   Plaintiffs, for their Complaint in this matter, state and allege as follows:

### PARTIES

I.

Plaintiffs Troy Leiferman and Kimberly Leiferman are husband and wife, and are Minnesota citizens and residents and maintain a residence at 2219 Snowbird Lane in the City of North Mankato, State of Minnesota.

II.

Plaintiffs Thomas and Virginia Leiferman are husband and wife, and are Minnesota citizens and residents and maintain a residence at 3814 Sioux Lane, in the City of Madison Lake, State of Minnesota.

EXHIBIT
_____ /

III.

Plaintiffs Brian and Cindy Leiferman are husband and wife, and are Nebraska citizens and residents and maintain a residence at 9945 Devonshire in the City of Omaha, State of Nebraska.

IV.

Plaintiffs Frank and Marnie Leiferman are husband and wife, and are Iowa citizens and residents and maintain a residence at 2908 Palm Street in the City of Atlantic, State of Iowa.

V.

Judith Stoll died on October 3, 2008. She did not have any children, and her husband predeceased her. Plaintiffs, Troy, Thomas, Brian and Frank Leiferman are the nephews of Judith Stoll.

VI.

Defendant Joseph A. Girardi, is the executor of the Estate of Judith H. Stoll (hereinafter the "Estate"). The probate of the Estate is venued in the Circuit Court, Probate Division of Cook County, Illinois, Case Number, 2008P006747.

## JURISDICTION

VII.

This court has subject matter jurisdiction over this declaratory action pursuant to Minn. Stat. § 555.03 and Minn. Stat. § 484.01.

VIII.

This court has personal jurisdiction over the Estate pursuant to Minn. Stat. § 543.19 on the grounds that Judith Stoll and her Estate had sufficient minimum contacts with the State of Minnesota to permit the courts of the State of Minnesota to exercise jurisdiction over the Estate.

2

IX.

The Estate possesses an ownership interest in Valley News Company, a Minnesota corporation with a principal place of business in Mankato, Minnesota, having a substantial value.

X.

The Estate possesses personal property located in a storage facility in the City of Mankato, State of Minnesota.

XI.

During her life, Judith Stoll frequently visited family in the state of Minnesota, including her nephews (Plaintiffs). On multiple occasions during these visits in Minnesota, Judith Stoll stayed at residence of her sister Marge Leiferman, at 101 Teton Court in the City of Mankato, County of Blue Earth, and discussed the gifts that are the subject matter of this action with Plaintiffs.

## DECLARATORY ACTION FOR COMPLETED GIFT

XII.

Plaintiffs incorporate by reference those allegations contained hereinabove.

XIII.

In March of 2005, Judith Stoll flew Plaintiffs and their families to Florida, where she resided, at her expense, and at that time informed them of her plan to make a gift to Plaintiffs in the amount of the highest of their home mortgage balances.

XIV.

A total gift of $968,000 was made by Judith Stoll, $242,000 to each nephew's family, Troy, Thomas, Brian and Frank Leiferman in 2005.

XV.

Upon the advice of counsel, Judith Stoll structured the gifts to take advantage of the annual gift

3

tax exclusion allowed by the Internal Revenue Service. Of the $242,000 gift, $20,000 was gifted to each of the Plaintiffs and some of their children taking advantage of the 2005 annual gift tax exclusion while the remainder of the gift was documented as a loan with the annual gift tax exclusion amount to be forgiven each subsequent year. At the death of Judith Stoll, any remaining loan balance was to be forgiven.

XVI.

Plaintiffs, Thomas and Virginia Leiferman, received $20,000 of the $242,000 total gift in 2005 via the annual gift tax exclusion. Their children, Ryan and Jack, each received $20,000 in 2005 to be placed in 529 Education Plans. The remaining amount of the gift ($182,000) was documented via a Promissory Note with the applicable annual gift tax exclusion amount to be forgiven each subsequent year, and any remaining balance at the death of Judith Stoll to be forgiven. A copy of a letter from Judith Stoll's attorney to Thomas and Virginia Leiferman, checks received by such and the Promissory Note are attached as Exhibit A.

XVII.

Plaintiffs, Frank and Marnie Leiferman, received $20,000 of the $242,000 total gift in 2005 via the annual gift tax exclusion. Their children, Mariah, Mitchell and Thomas, each received $20,666.66 in 2005 to be placed in 529 Education Plans. The remaining amount of the gift ($160,000) was documented via a Promissory Note with the applicable annual gift tax exclusion amount to be forgiven each subsequent year, and any remaining balance at the death of Judith Stoll to be forgiven. A copy of a letter from Judith Stoll's attorney to Frank and Marnie Leiferman, checks received by such and the Promissory Note are attached as Exhibit B.

XVIII.

Plaintiffs, Troy and Kimberly Leiferman, received $20,000 of the $242,000 total gift in 2005 via

4

the annual gift tax exclusion. The remaining amount of the gift ($222,000) was documented via a Promissory Note with the applicable annual gift tax exclusion amount to be forgiven each subsequent year, and any remaining balance at the death of Judith Stoll to be forgiven. A copy of a letter from Judith Stoll's attorney to Troy and Kimberly Leiferman, checks received by such and the Promissory Note are attached as Exhibit C.

### XIX.

Plaintiffs, Brian and Cindy Leiferman, received $20,000 of the $242,000 total gift in 2005 via the annual gift tax exclusion. The remaining amount of the gift ($222,000) was documented via a Promissory Note with the annual gift tax exclusion amount to be forgiven each subsequent year, and any remaining balance at the death of Judith Stoll to be forgiven. A copy of a letter from Judith Stoll's attorney to Brian and Cindy Leiferman, checks received by such and the Promissory Note are attached as Exhibit D.

### XX.

Within days of receiving the checks attached as Exhibit A, Thomas Leiferman called Judith Stoll to thank her for the gift and to clarify whether any payments of interest or principal needed to be made at any time. Judith Stoll again informed him that the entire $242,000 was a gift, and that he never had to make any payments as described in the 'Promissory Note'.

### XXI.

Within days of receiving the checks attached as Exhibit D, Brian Leiferman called Judith Stoll on the phone to thank her for the gift. During the conversation, Judith Stoll did not indicate that any portion of the transaction was in fact to be treated as a loan.

### XXII.

In approximately September of 2005, Troy Leiferman spoke directly with Judith Stoll on the

5

phone from his home in Minnesota about what type of payment arrangements needed to be made, if any, regarding the 'Promissory Note.' At that time, Judith Stoll informed Troy Leiferman that no interest payments or any other payments needed to be made, and that the 'Promissory Note' was a gift that did not need to be repaid in any fashion or at any time.

### XXIII.

After signing the Promissory Note, Frank Leiferman spoke with Judith Stoll on various occasions concerning the subject matter of the Promissory Notes, each time thanking her for her generous gift. During at least one such conversation, Judith informed Frank not to send in any interest payments or other payments pursuant to the Promissory Note, and that if he ever did so she would tear up the check because she said the whole amount was a gift.

### XXIV.

Judith Stoll's communications with Plaintiffs concerning all future payments of interest and principal pursuant to the Promissory Notes demonstrated a clear intent to make a present gift of the entire amounts owing under the Promissory Notes, and constituted a completed delivery of the gifts.

### XXV.

The Estate has contacted Plaintiffs attempting to enforce payment under the Promissory Notes attached to this Complaint. No formal action or lawsuit has yet been commenced by the Estate against Plaintiffs under the Promissory Note, but Plaintiffs expect that such lawsuit shall occur given the comments and actions of the Estate.

### XVI.

An Order and Decree in this proceeding pursuant to Minn. Stat. § 551.01, et. seq., will terminate uncertainties and controversy between Plaintiffs and the Estate concerning whether Judith Stoll

6

made a completed gift of the amounts described in the Promissory Notes signed by the Plaintiffs.

## PROMISSORY ESTOPPEL

### XVII.

Plaintiffs incorporate by reference those allegations contained hereinabove.

### XVIII.

Based upon the sequence of events between Plaintiffs and Judith Stoll, the Estate should be estopped from asserting any claim that the Promissory Notes referred to herein are valid debts owed by Plaintiffs to the Estate as now claimed by the Estate.

**WHEREFORE**, Plaintiffs respectfully request judgment as follows:

1. Declaring and determining that Judith Stoll made a completed gift to Brian and Cindy Leiferman in the amount of $220,000.

2. Declaring and determining that Brian and Cindy Leiferman do not owe the Estate of Judith Stoll any amount, either as principal or interest, as a result of the Promissory Note signed by Brian and Cindy Leiferman, and that said Promissory Note does not represent a valid debt.

3. Declaring and determining that Judith Stoll made a completed gift to Troy and Kimberly Leiferman in the amount of $220,000.

4. Declaring and determining that Troy and Kimberly Leiferman do not owe the Estate of Judith Stoll any amount, either as principal or interest, as a result of the Promissory Note signed by Troy and Kimberly Leiferman, and that said Promissory Note does not represent a valid debt.

5. Declaring and determining that Judith Stoll made a completed gift to Thomas and

7

Virginia Leiferman in the amount of $182,000.

6.  Declaring and determining that Thomas and Virginia Leiferman do not owe the Estate of Judith Stoll any amount, either as principal or interest, as a result of the Promissory Note signed by Thomas and Virginia Leiferman, and that said Promissory Note does not represent a valid debt.

7.  Declaring and determining that Judith Stoll made a completed gift to Frank and Marnie Leiferman in the amount of $160,000.

8.  Declaring and determining that Frank and Marnie Leiferman do not owe the Estate of Judith Stoll any amount, either as principal or interest, as a result of the Promissory Note signed by Frank and Marnie Leiferman, and that said Promissory Note does not represent a valid debt.

9.  Declaring and determining that the Estate of Judith Stoll is estopped from enforcing the Promissory Notes attached to this Complaint against the Plaintiffs given he conduct and actions of Judith Stoll and those acting on her behalf.

10. For such other and further relief as may be necessary and appropriate.

8

Dated this ___ day of October, 2009.

BLETHEN GAGE & KRAUSE, PLLP

By: _____
Randall C. Berkland, I.D. No. 7596
Christopher M. Roe, I.D. No. 323305
Kevin A. Velasquez, I.D. No. 387890

Attorney for Plaintiffs

127 South Second Street
P.O. Box 3049
Mankato, MN 56002-3049
Telephone: (507) 345-1166

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

Dated this ___ day of October, 2009.

BLETHEN GAGE & KRAUSE, PLLP

By: _____
Randall C. Berkland, I.D. No. 7596
Christopher M. Roe, I.D. No. 323305
Kevin A. Velasquez, I.D. No. 387890

Attorney for Plaintiffs

127 South Second Street
P.O. Box 3049
Mankato, MN 56002-3049
Telephone: (507) 345-1166